UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CR-20484-MIDDLEBROOKS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FABIAN A. SCOTT,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** is before the undersigned upon an Order of Reference from the Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of Florida, to conduct a hearing for acceptance of a guilty plea by the defendant in the above-referenced case. **[DE 102]**. This Court, having conducted a change of plea hearing on September 9, 2010, makes the following recommendation:

    1.    On September 9, 2010, this Court convened a hearing to permit Defendant to enter a change of plea in this case. This Court advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the agreement of Defendant, defense counsel, and the Assistant United States Attorney assigned to the case. This Court further advised

CASE NO.: 10-CR-20484-MIDDLEBROOKS

Defendant that the District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. This Court advised Defendant that Defendant did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could require that the change of plea hearing be conducted only by a United States District Judge. Defendant, defense counsel, and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. This Court conducted a plea colloquy as to Defendant in accordance with the outline set forth in the Bench Book for District Judges (5th Edition).

4. There is no written plea agreement in this case. Defendant pled guilty to Counts 1, 18, and 19 set forth in the Indictment as follows:

Count 1

Beginning on or about July 1, 2009, the exact date being unknown to the Grand Jury, and continuing through at least on or about May 7, 2010, in Miami-Dade County, in the Southern District of Florida, the defendants, FABIAN A. SCOTT, a/k/a "Faybo," a/k/a "Fabo,"...did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(B)(I), it is further alleged that this violation involved one hundred (100) grams or more of a

CASE NO.: 10-CR-20484-MIDDLEBROOKS

mixture and substance containing a detectable amount of heroin.

Count 18

On or about May 5, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant, FABIAN A. SCOTT, a/k/a "Faybo," a/k/a "Fabo," having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm and ammunition in and affecting interstate commerce, in violation of Title 18, United States Code, Section 922(g)(1).

It is further alleged that the firearm and ammunition are:

1. one Cobra Model FS380 .380 caliber semi-automatic pistol;
2. one Remington Model 1100 12 gauge shotgun with a modified barrel;
3. approximately thirty (30) rounds of .380 caliber ammunition.

Count 19

On or about May 5, 2010, in Miami-Dade County, in the Southern District of Florida, the defendant, FABIAN A. SCOTT, a/k/a "Faybo," a/k/a "Fabo," did knowingly possess a firearm, as that term is defined in Title 26, United States Code, Section 5845(a), which firearm was not registered to the defendant in the National Firearms Registration and Transfer Record as required by Title 26, United States Code, Section 5841, in violation of Title 26, United States Code, Section 5861(d) and Title 18, United States Code, Section 2.

It is further alleged that the firearm is a shotgun having a barrel of less than 18 inches in length.

5. The government stated a factual basis for the entry of the plea, which included all of the essential elements of the crimes to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. The government also announced the possible maximum penalty in respect to the Indictment.

CASE NO.: 10-CR-20484-MIDDLEBROOKS

Defendant acknowledged the possible maximum penalty which could be imposed in this case.

6. Based upon all the foregoing and the plea colloquy conducted by this Court, the undersigned recommends to the District Court that Defendant be found to have freely and voluntarily entered a guilty plea to Counts 1, 18, and 19 of the Indictment, as more particularly described herein, and that Defendant be adjudicated guilty of those offenses.

7. A pre-sentence investigation is being prepared for the District Court by the United States Probation Office, and sentencing for Defendant has been set for **Tuesday, November 16, 2010, at 2:00 p.m., at the United States District Court, Southern District of Florida, in the James Lawrence King Federal Justice Building, 11th Floor, Courtroom 1, 99 N.E. 4th Street, Miami, Florida**.

**ACCORDINGLY**, the undersigned recommends to the District Court that Defendant's plea of guilty be accepted, that Defendant be adjudicated guilty of the offenses to which the plea of guilty has been entered, and that a sentencing hearing be conducted for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein. RTC v. Hallmark Builders, Inc., 996

CASE NO.: 10-CR-20484-MIDDLEBROOKS

F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

DONE AND SUBMITTED at Miami, Florida, this 13 day of September 2010.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Donald M. Middlebrooks
     Counsel of Record
     United States Probation, U.S. District Court